IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ISIDRO RAMIREZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Respondents. | **No. 4:25-cv-00318-RGE-WPK**<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS** |

## I.    INTRODUCTION

Now before the Court is Respondents United States Immigration and Customs Enforcement and United States Department of Justice's motion to dismiss Petitioner Isidro Ramirez's petition for writ of habeas corpus. Resp'ts' Mot. Dismiss, ECF No. 5. The Court grants the motion.

## II.    BACKGROUND

The Court accepts the following facts as true for the purpose of analyzing the motion to dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010).

Ramirez—"a National of the country of Mexico"—is in the United States illegally. Pet. 1, ECF No. 1. In 1998, Ramirez was convicted of first-degree murder. *Iowa v. Ramirez*, No. FECR 124452 (Iowa Dist. Ct. for Polk Cnty.).[1] He is serving a sentence of life in prison. *See id.*; *see also* Resp'ts' Br. Supp. Mot. Dismiss 2, ECF No. 5-1.

---

[1] In ruling on a Rule 12(b) motion to dismiss, a court's review is limited to the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *United States ex re. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted). Matters of public record include publicly accessible state court documents. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007*); cf. James v. Kruger*, No. 4:17-cv-00303-RGE, 2018 WL 11272271, at 1 (S.D. Iowa Apr. 4, 2018) ("The Court [] takes judicial notice of the public records available in the electronic case databases maintained by the Iowa Judicial Branch." (citations omitted)).

Ramirez seeks an order requiring "DHS/ICE agents to come to Anamosa State Prison and take custody of [Ramirez] for removal from the United States back to Mexico." ECF No. 1 at 3. Respondents move to dismiss Ramirez's petition, arguing the Court lacks subject matter jurisdiction and the petition fails to state a claim upon which relief can be granted. ECF Nos. 5, 5-1. Ramirez did not respond to Respondents' motion.

The parties did not request oral argument and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b); LR 7(c).

Additional facts are set forth below as necessary.

## III.    LEGAL STANDARD

A party may challenge subject matter jurisdiction under Rule 12(b)(1) with a "factual attack" or a "facial attack," and the difference between the two affects a court's standard of review. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A factual attack challenges the existence of subject matter jurisdiction, despite the jurisdictional allegations of the pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914–15 (8th Cir. 2015). In analyzing a factual attack, a court may go beyond the pleadings and consider extrinsic evidence to determine whether it has subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In contrast, a facial attack challenges the sufficiency of the pleadings. *See Titus*, 4 F.3d at 593. In analyzing a facial attack, "the court restricts itself to the face of the pleadings" and accepts all factual allegations as true. *Osborn*, 918 F.2d at 729 n.6. This is the same standard governing a Rule 12(b)(6) motion to dismiss. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Here, the Government brings its motion to dismiss for lack of subject matter jurisdiction as a facial attack. *See* Gov't's Br. Supp. Mot. Dismiss 1–2, ECF No. 17-1. As such, the Court applies the standard governing Rule 12(b)(6) motions.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord*

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012). The Court must not accept the legal conclusions contained in the complaint. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555–56).

Petitioners must "nudge[ ] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. A plausible claim for relief "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV.   DISCUSSION

Respondents move to dismiss Ramirez's petition under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 5-1 at 3–9.

Respondents argue the Attorney General is statutorily prohibited from removing "'an alien who is sentenced to imprisonment until the alien is released from imprisonment.'" ECF No. 5-1 at 7 (citing 8 U.S.C. § 1231(a)(4)(A)). Because the Court is statutorily prohibited from granting Ramirez the relief he seeks, the Court grants Respondents' motion to dismiss. Further, because this matter is settled pursuant to a statute enacted by Congress, the Court declines to address the other reasons to dismiss set

3

forth by Respondents.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondents United States Immigration and Customs Enforcement and

United States Department of Justice's Motion to Dismiss, ECF No. 5, is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 23rd day of January, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE